UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **DERRICK D. CANNON**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GARDAWORLD SECURITY SERVICES MANAGEMENT COMPANY, INC, d/b/a GARDAWORLD**<br><br>Defendant. | Case No.:<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA**<br><br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Derrick D. Cannon, on behalf of himself and all others similarly situated ("Plaintiff"), hereby files this Original Complaint against Defendant GardaWorld Security Services Management Company, Inc., ("GardaWorld" or "Defendant"), showing in support as follows:

## I.   INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2. Defendant is a security and facilities management company that employees over 132,000 employees.[1]

3. Plaintiff is or was an hourly-paid, non-exempt security guard employee of Defendant who worked at Defendant's customers' sites providing security services including patrolling, monitoring, and reporting suspicious activity. When Plaintiff and similarly situated

---

[1] *About US*, GARDAWORLD, https://www.garda.com/about-us (last visited Mar. 28, 2024).

employees worked over forty hours in a workweek, which happened frequently, Plaintiff and similarly situated security guards were eligible to receive overtime wages.

4. Defendant's policies and/or practices with regard to Plaintiff and similarly situated security guards violated the FLSA. Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties that were an "integral part of [his] principal activity" pursuant to 29 C.F.R. § 553.221, including continuing to secure a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard. The time that Plaintiff and similarly situated security guards spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

5. In weeks when Plaintiff and similarly situated security guards worked more than forty hours (inclusive of time worked "off-the-clock"), which occurred frequently, this requirement resulted in a violation of the FLSA's overtime provisions under 29 U.S.C. § 207.

6. Plaintiff seeks all damages available under the law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which he may be entitled.

## II.  THE PARTIES

**A.  Plaintiff Derrick D. Cannon**

7. Plaintiff Derrick D. Cannon is an individual residing in Kansas City, Missouri. He has standing to file this lawsuit.

8. Plaintiff was a security guard employee of Defendant who reported to Defendant's offices in Kansas City, Missouri.

9. Plaintiff has been employed since June 5, 2023.

10. Plaintiff is paid $17.00 per hour in his employment with Defendant.

11. Plaintiff's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

**B.   Putative Collective Action Members**

12. Plaintiff brings this action on behalf of himself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location in the United States, except California, at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation or Defendant's failure to accurately record working time and are not currently a plaintiff in another wage and hour matter pending against Defendant.

13. Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

14. Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

**C.   Defendant GardaWorld Security Services Management Company, Inc. d/b/a GardaWorld**

15. Defendant GardaWorld Security Services Management Company, Inc. is a corporation formed under the laws of the state of Missouri and headquartered in Missouri.

16. Defendant does business as GardaWorld.

17. Defendant will be served via its registered agent in compliance with the Federal Rules of Civil Procedure.

18. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

19. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce by any person.

20. On information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III.   JURISDICTION AND VENUE

21. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

22. The United States District Court for the Eastern District of Missouri has personal jurisdiction over Defendant because Defendant is headquartered in Missouri and in this District.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the defendant resides in Missouri and in this District.

### IV.   FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

24. Plaintiff worked for Defendant as a nonexempt, hourly-paid security guard employee, providing security services including patrolling, monitoring, and reporting suspicious activity. Security services might also include monitoring sports and performance venues, controlling gate access, doing badge checks, redirecting traffic, and directing individuals around secured sites, all of which are more specific tasks falling under Plaintiff's more general patrolling, monitoring, and reporting job duties.

25. All of the putative Collective Action Members were similarly classified as nonexempt employees and paid on an hourly basis and performed substantially similar job duties as the Plaintiff.

26. In some workweeks, Plaintiff performed over forty hours of work, and Defendant compensated some, but not all, of the overtime premium wages he was entitled to, because Defendant did not compensate him for mandatory pre- and post-liminary work duties completed before and after his shift.

27. Plaintiff frequently worked at off-site locations as the sole guard on duty.

28. Plaintiff and similarly situated security guards frequently earned either the applicable minimum wage or only slightly more than the applicable minimum wage. When he worked over forty hours in a workweek which happened frequently, Plaintiff and similarly situated security guards were eligible to receive overtime wages and may have received some overtime wages.

29. However, Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" before and after his scheduled shifts. Plaintiff was required to perform "off-the-clock" duties after his shift had ended including continuing to secure a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard. Plaintiff was required to perform "off the clock" duties before his shift, including receiving briefing from the guard who had been on duty the prior shift. The time that Plaintiff and similarly situated security guards spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

30. Defendant also failed to accurately record employee time resulting in Defendant failing to compensate Plaintiff for all hours he worked. Defendant has often failed to record hours worked by Plaintiff and Plaintiff's wages have repeatedly been "missing" hours.

31. Defendant's failure to compensate Plaintiff for work he performed "off-the-clock" and for inaccurately recorded time resulted in violations of state and federal wage and hour laws.

32. Plaintiff was frequently required to come in to work 30 minutes before his shift and to be available, but Defendant did not permit them to clock in until his shift was scheduled to begin. Defendant also required Plaintiff to continue to secure the buildings she patrolled on behalf of Defendant until a relief security guard arrived to relieve him, but Defendant did not pay Plaintiff for any time he spent continuing to perform duties after his shifts ended.

33. Now, as the result of Defendant's failure to pay for time worked "off-the-clock" and accurately record working time, Plaintiff is entitled not only to his back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees.

34. Such overtime violations were not limited to a particular pay period but occurred regularly throughout Plaintiff's tenure with Defendant. Similar overtime violations occurred with respect to the putative Collective Action Members.

35. Defendant's failure to pay for work performed "off-the-clock" and accurately record working time was not limited to weeks in which Plaintiff and the putative Collective Action Members worked overtime.

36. On information and belief, this policy or practice of Defendant to only pay wages for assigned shifts, to fail to pay for mandatory pre- and post-liminary work performed "off-the-clock," and to fail to accurately record employee work time, was uniformly and consistently applicable to all of its security guard employees across the country.

37. The above-described mandatory work time completed "off-the-clock" and work time inaccurately recorded were not included in Plaintiff's and putative Collective Action Members' itemized wage statements.

38. Defendant willfully did not pay Plaintiff and putative Collective Action Members the sums due pursuant to work performed "off-the-clock" or which it failed to accurately record at the time of their separation from employment with Defendant. These practices and failures were not limited but have commonly occurred and continued at Defendant's locations nationwide.

39. Defendant either knew or should have known that Plaintiff was required to work "off-the-clock." Defendant could have easily determined how long it took for its security guards to complete duties performed "off-the-clock" or could have permitted Plaintiff and similarly situated security guard employees to "clock in" as soon as they began performing job duties and "clock out" when they were fully relieved of duty.

40. Defendant intentionally and/or willfully failed to pay Plaintiff and putative Collective Action Members all wages owed in violation of the FLSA.

## V.   FLSA CLAIMS FOR OVERTIME PAY

41. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**D.   FLSA Coverage**

42. All conditions precedent to this suit, if any, have been fulfilled.

43. At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

44. At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

45. At all times relevant to this lawsuit, Defendant has employed, and continues to employ, thousands of employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

46. At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### E. FLSA Allegations

47. The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid security guard employees of Defendant at locations across the country.

48. At relevant times, Plaintiff and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

49. On information and belief, thousands of hourly-paid security guard employees worked for Defendant in connection with its security and facility services enterprise during the three years preceding the filing of this action.

50. During the relevant time period, Plaintiff and the putative Collective Action Members performed uncompensated work as required by Defendant before and after their shifts began.

51. Defendant's requirement that Plaintiff perform work "off-the-clock" without compensation and failure to accurately record working time violated the FLSA's overtime provisions. 29 U.S.C. §§ 206-207.

52. Finally, federal law requires employers to make and keep accurate and detailed payroll data for nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week in which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R.

§ 516.2(a) & (b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiff and the putative Collective Action Members were required to complete "off-the-clock" and Defendant failed to accurately record working time, Defendant has failed to keep accurate records pursuant to the foregoing requirements.

**F. Collective Action Allegations**

53. Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other nonexempt hourly-paid security guard employees who were required to complete mandatory pre- and post-liminary tasks without compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

54. Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other nonexempt hourly-paid security guard employees who similarly did not receive compensation for time worked outside of scheduled shifts. This resulted in personal knowledge of the treatment of his co-workers at those locations. Furthermore, other nonexempt hourly-paid security guard employees have shared with the Plaintiff that they experienced similar pay violations as those described in this Complaint.

55. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to providing security guard services on behalf of Defendant as employees and receiving no compensation for required work performed outside of scheduled shifts.

Case: 4:24-cv-00830-HEA   Doc. #: 1   Filed: 06/14/24   Page: 10 of 12 PageID #: 10

56. The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

57. Defendant's failure to pay overtime compensation in connection with mandatory pre- and post-liminary work and failure to accurately record working time results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

58. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

59. Although the exact amounts of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

60. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location in the United States, except California, at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation or Defendant's failure to accurately record working time and are not currently a plaintiff in another wage and hour matter pending against Defendant.

## VI.   CAUSES OF ACTION

### 1.   First Claim for Relief – Violation of the FLSA

61. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

62. The foregoing conduct, as alleged, violated the FLSA.

- 10 -

63. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

64. Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action Members, overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

65. Defendant failed to pay Plaintiff and the putative Collective Action Members their federally mandated overtime wages for all hours worked over 40 in a given workweek due to its policy or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation and failure to accurately record hours worked by employees.

66. As set forth above, Defendant's conduct was willful and done to avoid paying overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

67. Plaintiff seeks all damages to which she is entitled under the FLSA, including his back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.   JURY DEMAND

68. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which she and the putative Collective Action Members have a right to jury trial.

## VIII.   DAMAGES AND PRAYER

69. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. An award of damages including all unpaid wages at the federal, state, or locally mandated minimum wage rate, overtime compensation for all hours worked over forty in a workweek, liquidated damages, and restitution;

e. Appropriate statutory penalties;

f. Costs of action incurred herein, including expert fees;

g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

h. Pre-judgment and post-judgment interest, as provided by law;

i. Such other injunctive and equitable relief as the Court may deem just and proper.

Respectfully submitted,

By:  s/*Colby Qualls*

**FORESTER HAYNIE PLLC**
Colby Qualls
400 N. St. Paul Street #700
Dallas, Texas 75201
Telephone: (214) 210-2100
cqualls@foresterhaynie.com

*Counsel for Plaintiff and Proposed Collective Action Members*